09-1356-ag
Wu v. Holder

BIA
Bukszpan, IJ
A098 889 527

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

SAIPING WU,
> *Petitioner,*

> v.                    09-1356-ag
>                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, T. Bo Stanton, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Saiping Wu, a native and citizen of China, seeks review of the March 6, 2009, order of the BIA, affirming the November 30, 2006, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saiping Wu*, No. A098 889 527 (B.I.A. Mar. 6, 2009), *aff'g* No. A098 889 527 (Immig. Ct. N.Y. City Nov. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency reasonably found that even assuming Wu resisted the family planning policy by hiding in the mountains with his wife, he failed to establish his eligibility for asylum. The BIA correctly found that Wu was ineligible for relief based solely on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007); see also *Matter of S-L-L-*, 24 I & N Dec. 1 (BIA 2006). In addition, the BIA found that Wu had not engaged in "other resistance" to China's family planning policy, but that even assuming he did, he had not established that: (1) the "hardships" he suffered rose to the level of persecution; and (2) he suffered "hardships" on account of his resistance (*i.e.* hiding with his wife). *Shi Liang Lin*, 494 F.3d at 309-10.

Wu also argues that the agency deprived him of due process by relying on a "sudden change of law." This argument, however, is without merit because he failed to exhaust any challenge to the IJ's finding that his wife's forced sterilization did not render him *per se* eligible for asylum. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

3

As Wu failed to demonstrate his eligibility for asylum, he necessarily failed to meet his burden for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Additionally, the single sentence in Wu's brief related to the agency's denial of his application for CAT relief is insufficient to raise that issue for our review. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk